May Term, 1855.

Dart *v.* McQuilty and Another.

Dart
v.
McQuilty.

*A.* purchased from *B.* two town-lots, and received a title-bond, conditioned for the execution of a conveyance upon full payment of the purchase-money. Having failed to pay the last instalment, a judgment was obtained therefor before a justice of the peace. Execution thereon and a return of no goods, &c. To a bill by an assignee of the judgment against *A.* and *B.* to subject the lots to sale to satisfy the judgment, the defendants answered that *B.* only owned two-thirds of the lots, and hence could not convey according to contract. Replication, in avoidance, &c.

*Held,* that *A.,* had he elected, at the proper time, to rescind the contract, in consequence of the partial failure of consideration, would have been entitled to the purchase-money and interest, and would have had a lien on the lots for it; but, *held,* that having elected to retain them, he had an equitable interest therein at least to the extent of two-thirds, which might be subjected to execution upon said judgment.

A bill in equity ought not to be dismissed for the want of proper parties.

APPEAL from the *Decatur* Circuit Court.

Saturday,
June 9.

Stuart, J.—*McQuilty* purchased two lots in *Greensburg* from the other defendant, *Dillier.* He paid all the purchase-money, except the last note, on which there was judgment at law. After several assignments, the judgment finally came into the hands of *Dart.* He filed this complaint in the nature of a bill in chancery, to reach the equity of *McQuilty*—making the vendor, *Dillier,* a party.

*Dillier* and *McQuilty* answered that the former owned only two-thirds of the lots, and could not convey according to contract.

Replication, that the failure of consideration resulting from *Dillier's* imperfect title had been set up as a defence at law in the suit by the assignee against *McQuilty* on the last note, and could not be again set up as a defence.

Demurrer to the replication sustained, and the bill dismissed.

This was error. *McQuilty* had some interest in the lots. Whatever that interest might be, it was subject in equity to the execution for the use of *Dart. Bryer* v. *Chase,* 8 Blackf. 508. Had *McQuilty* elected, at the proper time, to rescind the contract, in consequence of the partial failure of the consideration, he would have been entitled to the purchase-money and interest, and had a

May Term,
1855.

lien on the lots for it. *Shirley* v. *Shirley*, 7 Blackf. 452. Having elected to retain the lots, he had an equitable interest, at least, to the extent of *Dillier's* title, viz., two-thirds. To this extent the complainant was clearly entitled to a decree, subjecting *McQuilty's* equitable interest to execution.

If the want of parties was the ground of objection in the Court below, the bill should not have been dismissed, even under the old practice. *Stanley* v. *Beatty*, 4 Ind. R. 134.—*Park* v. *Ballentine*, 6 Blackf. 223.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*B. W. Wilson* and *S. A. Bonner*, for the appellant.

*J. Ryman*, for the appellees.